# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1266 | **DATE** | 2/23/2012 |
| **CASE TITLE** | Pedro Sanchez (R43423) vs. Warden Assistant Pierce, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Sanchez's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is granted. The Court authorizes and orders Plaintiff's trust fund official to deduct $6.67 from his account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. Summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted twenty-eight days to submit an amended complaint (plus a Judge's copy and service copies) in accordance with the instructions set forth in this order. The clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. The Clerk is instructed to terminate Effrain Sotelo, Darrell Jones, Larry Whiters, Haywood Bobo, Fransico Herrera, Charles F. Momany, Shawn Fulton, and Kelvin Johnson as Defendants. Plaintiff is warned that failure to submit a proposed amended complaint in compliance with this order will result in summary dismissal of this case.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Pro se Plaintiff Pedro Sanchez, an inmate at the Stateville Correctional Center, has brought a civil right suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review under 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.67. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Turning to the complaint, Plaintiff challenges the conditions of confinement that he experiences at Stateville Correctional Center. He claims that his mandatory supervised release (MSR) was revoked and he was returned to Stateville pending a review of the MSR revocation. He believes the conditions that he, and

other inmates who have revoked MSR, suffer under are inhumane. He claims that they: (1) receive a shower only once a week and are given improper hygiene products; (2) lack commissary access; (3) lack physical exercise opportunities; (4) receive meals at weird hours including breakfast at 2 a.m.; (5) lack of proper clothing; and, (6) suffer from excessive use of shackling.

The present complaint is unacceptable for several reasons. First, Plaintiff seeks to bring a number of unrelated claims regarding his incarceration. A prisoner is limited to one core group of related claims per suit under the Prison Litigation Reform Act and the Federal Rules of Civil Procedure. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Here, he has brought six unrelated claims. Plaintiff is required to limit this case to one of these claims, and then bring the other claims in their own respective suits.

Second, Plaintiff's complaint improperly lists eight other inmates who are also allegedly suffering from these conditions: Effrain Sotelo, M14601, Darrell Jones, R74334, Larry Whiters, K53002, Haywood Bobo, B15720, Fransico Herrera, R71021, Charles F. Momany, N90921, Shawn Fulton, K50319, and Kelvin Johnson, K98761. However, Plaintiff listed these individuals in the Defendant section of the complaint, and so the Clerk added them as Defendants on the Court's docket. It is clear that Plaintiff is attempting to bring claims on their behalf as Plaintiffs, they are not Defendants.

Plaintiff's attempt to bring suit on behalf of other inmates is improper. Although more than one prisoner can join a lawsuit, each prisoner is required to pay a full filing fee. *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). Plaintiff's IFP petition only covers his fee. In addition, as a non attorney, Plaintiff is limited to representing himself pro se, he cannot represent other prisoners. *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010).

Plaintiff and any other possible future Plaintiffs are reminded that they must meet the filing requirements for submitting a proposed complaint. Each Plainitff must: (1) submit a proper fee or IFP petition; (2) sign the complaint and by doing so, must comply with Rule 11 of the Federal Rules of Civil Procedure; (3) detail all prior litigation history, *Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011) (per curiam); and, (4) comply with the three strikes requirement of 28 U.S.C. § 1915(g).

Plaintiff's complaint is dismissed without prejudice. He must submit a proposed amended complaint within twenty-eight days of the entry of this order that complies with the requirements set forth in this order. It would be in Plaintiff's best interest to conduct preliminary research into his claims before refiling them in new suits.

Plaintiff must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each Defendant named in the proposed amended complaint. Plaintiff is cautioned that the proposed amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations Plaintiff wishes the Court to consider must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply with this order, the case will be summarily dismissed in

| STATEMENT |
|---|
| its entirety.<br><br>      Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.  At this time, Plaintiff's only requirement is to submit a proper proposed amended complaint in accordance with this order.  This task is not overly complex when measured against Plaintiff's abilities.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)).  Counsel is not required. |