# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1266 | **DATE** | 4/9/2012 |
| **CASE TITLE** | Pedro Sanchez (R43423) vs. Warden Assistant Pierece, et al. | | |

**DOCKET ENTRY TEXT**

The complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. (Dkt. No. 6). The Clerk is instructed to enter a judgment in favor of Defendants against Plaintiff. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Civil Case Terminated.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Pro se Plaintiff Pedro Sanchez, an inmate at the Stateville Correctional Center, has brought a civil rights action pursuant to 42 U.S.C. § 1983. The Court previously granted Plaintiff leave to proceed *in forma pauperis* and instructed him to submit a proposed amended complaint. (Dkt. No. 5). Plaintiff's proposed amended complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 6).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint and dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The following facts are drawn from Plaintiff's proposed amended complaint (Dkt. No. 6), and are accepted as true for purposes of this initial review, and all reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide Defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that Plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff challenges the conditions of confinement at Stateville by alleging that he only receives a

**STATEMENT**

shower and access to an exercise yard once a week. Both claims must be rejected. As to the shower, controlling precedent holds that providing a prisoner a shower once a week does not violate the Constitution. *See Henderson v. Lane*, 979 F.2d 466, 468-69 (7th Cir. 1992) (per curiam); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988); *see also Stead v. Skinner*, No. 10 C 4526, 2011 WL 3882809, at *4 (N.D. Ill. Sept. 2, 2011).

Regarding the exercise claim, the "[l]ack of exercise may rise to a constitutional violation in certain limited circumstances 'where movement is denied and muscles are allowed to atrophy and the health of the individual is threatened.'" *Thomas v. Ramos*, 130 F.3d 754, 763 (7th Cir. 1997) (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)). There is no general constitutional right to exercise, but instead "'exercise is now regarded in many quarters as an indispensable component of preventive medicine.'" *Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001) (quoting *Anderson v. Romero*, 72 F.3d 518, 528 (7th Cir. 1995)); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). The Seventh Circuit has held, within the context of restrictions resulting from segregation, that denying exercise access for 90 days or less, does not, by itself, constitute cruel and unusual punishment. *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001). Here, Plaintiff has not plausibly alleged that limiting him to exercise of once a week harmed his health. His claim is simply that he wants more time out of his cell. This does not state a constitutional claim.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."